WM. M. SEHORN, Trustee, v. S. H. McWHIRTER.

TITLE BOND. *Vendor's lien. Waiver.* Where a vendor of land simply executes to his vendee a bond for title, he remains clothed with the legal title, which the law will intend to have been retained as an absolute security for the purchase money, and the burden of proof is on the vendee to show a waiver.

Cases cited: Campbell *v.* Baldwin, 2 Hum., 248; Anthony *v.* Smith, 9 Hum., 508.

FROM M'MINN.

Appeal from the Chancery Court. D. M. KEX, Chancellor.

VANDYKE, COOK & VANDYKE and GEORGE W. BRIDGES for plaintiff.

No counsel marked for defendant.

DEADERICK, J., delivered the opinion of the court.

In March, 1872, complainant filed his bill in the Chancery court at Athens' against defendant and Lawrence Swaffer to enforce his vendor's lien, upon a house and lot sold to McWhirter. The bill charges that complainant "contracted to sell and convey said house and lot to Dr. S. H. McWhirter, a citizen of the county of McMinn aforesaid, for the sum of $900, and your orator took from said S. H. McWhirter two notes for said consideration money. One of said notes is for the sum of $500, executed by Lawrence Swaffer,

dated February 17, 1870, payable on or by the first day of November next, after the date of said note, to the order of said McWhirter and by said McWhirter, assigned to your orator as trustee as aforesaid, and the other of said notes is for the sum of $400, executed by said McWhirter, dated September 1, 1870, payable twelve months after the first day of November, 1870, to your orator as trustee as aforesaid, bearing interest from the first day of November, 1870. Your orator further shows and charges that at the time the said McWhirter contracted to buy and pay for said house and lot, your orator, as said trustee, executed and delivered to said McWhirter a bond, conditional to make him a deed in fee simple for said house and lot, where and whenever the aforesaid purchase money therefor of $900 and interest should be fully paid."

On the 28th of November, 1870, a suit was begun by complainant in the Circuit Court of McMinn county against said Swaffer and McWhirter on the $500 note. McWhirter, on demurrer, was released upon the ground that as an endorser he had not received notice of the non-payment of the note, by the drawer, at its maturity. Judgment was rendered against Swaffer, and execution was issued and returned *nulla bona.* Complainant then filed his bill in this case, alleging the facts already stated, and, in the language of the bill, "insists that the said McWhirter is legally and equitably bound to pay said $500 note, and that said note and the $400 note are liens upon the said house and lot, and prays for the enforce-

ment of the lien by a sale of said house and lot for the satisfaction of said notes to $500 and $400, and the interest thereon."

McWhirter filed his answer, in which he says: "It is true that the complainant, Wm. M. Sehorn, bargained and sold the house and lot described in said bill to this respondent on the first day of September, 1870, for the price of $900, and respondent paid therefor one note of $500, executed by Lawrence Swaffer to respondent, dated February 17, 1870, and payable first of November, 1870; and it is true that respondent transferred and assigned said note to the complainant before it was due, and respondent on said first September, 1870, executed his individual note to complainant for $400, payable twelve months after the first day of November, 1870, with interest from the first day of November, 1870, balance on said purchase."

Respondent further states that on the day he purchased said house and lot from Wm. M. Sehorn, the said Sehorn and the beneficiaries in said trust executed and delivered to this respondent a bond for title upon respondent making the final payment on said purchase. The title bond is not produced, defendant making affidavit that it is lost or mislaid, so that he is unable to produce it.

The respondent then states that in the suit against himself and Swaffer, he was discharged of any liability as assignor, and then proceeds as follows:

"And respondent insists and charges that the complainant took said note with respondent's assignment

thereon, absolutely in part payment, and to the extent thereof for the house and lot No. 115 in the town of Athens, Tennessee. And respondent has been legally discharged from the payment of said note upon the adjudicature of said demurrer in said court; and he further states that he cannot now be held liable for the payment of said note in your Honor's court."

The above extract from the answer, it will be observed, does not purport to be an answer to any allegations of the bill, but rather the statement of conclusions of law, that respondent cannot be held liable because complainant took the note as an absolute payment, and because he was relieved from liability on the note by a court of law for want of notice of non-payment.

The allegations of fact in the bill are, as already stated, that complainant sold the house and lot for $900 to defendant, for which the two notes described were taken, and that complainant executed at the same time, and delivered to respondent, a bond for title when the purchase money should be paid. Complainant then insists that defendant is bound to pay the $500 note, and that it and the $400 note is a lien upon the house and lot. Whether he is so liable, and whether there is such a lien as claimed, are questions of law to be determined upon the facts disclosed in the record. The answer admits that defendant bought the house and lot for the price stated, for which he says he paid $500 on a note on Swaffer, and executed his note for $400. Defendant also admits that complainant executed a title bond binding

Sehorn *v.* McWhirter.

complainant to make title "upon receipts making the final payment on said purchase.,'

In a subsequent part of the answer respondent insists that complainant took the $500 note as an absolute payment, and for this and another reason he denies his liability on said note. But if the fact be so it is not responsive to any allegation of fact contained in the bill, but is in avoidance of a liability,. existing by law, in favor of the vendor of real estate, who has retained the legal title to the land sold. And the defense set up by respondent to avoid his liability must be proved by the most satisfactory evidence.

The material facts alleged in this bill and admitted in the answer, upon which complainant is entitled to relief, are the sale of the land, the retention of the legal title and unpaid purchase money.

Even where land has been conveyed, the law gives a lien, and presumes that the vendor intended to retain it for the purchase money, and the vendee must prove the waiver. 2 Hum., 248. And Judge McKinney, in distinguishing between cases where the legal title has been conveyed, and where it has been retained, says that in the former case he, the vendor, has parted with both his legal and equitable estate; in the latter, he remains clothed with the legal title, which the law will intend to have been retained as an absolute security for the purchase money. 9 Hum., 508. So it has been held that a vendor retaining the legal title as a security for debt, is placed upon the footing of a mortgage.

In this case there is no evidence of an abandonment or waiver of the lien. We are of opinion, therefore, that the chancellor erred in refusing to declare the lien still subsisting upon the house and lot for the $500, as well as the $400 purchase money, both sums being unpaid.

The decree will, therefore, be reversed as to the $500, and a lien declared for the same as well as for the $400, and interest on both sums from the time interest was payable, and the relief prayed for in the sale of said house and lot will be granted if the purchase money and the interest thereon is not paid within two months from this date. The defendant will pay the costs in this court and in chancery court.